

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00350-CR

CASEY ELLIS HEATH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 083797-C-CR, Honorable Ana Estevez, Presiding

July 27, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Casey Ellis Heath, appeals from a judgment adjudicating him guilty of the offense of stalking, a third-degree felony,[1] and sentencing him to four years of confinement. Appellant's court-appointed counsel has filed an *Anders* brief and a motion to withdraw.[2] Because our independent review confirms that no arguable ground for appeal exists, we modify the trial court's judgment and affirm it as modified.

---

[1] *See* TEX. PENAL CODE § 42.072.

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

**BACKGROUND**

This appeal arises from an adjudication of guilt following an initial order of deferred-adjudication community supervision. In November 2024, Appellant pleaded guilty to stalking. Pursuant to a plea bargain, the trial court deferred a finding of guilt, placed Appellant on community supervision for four years, and entered a protective order prohibiting him from contacting the victim.

In April 2025, the State moved to proceed with an adjudication of guilt. The motion alleged five violations of the conditions of supervision: (a) violating the protective order; (b) failing to support his dependents; (c) consuming alcohol; (d) being present at an establishment whose primary business was the sale of alcohol; and (e) violating his curfew. Appellant pleaded true to allegations (b) and (c) and not true to the remaining three.

The State then abandoned allegation (d) and offered evidence on the contested allegations. The victim testified that she saw Appellant drive past a park she frequents, within the distance the protective order prohibited. An Amarillo police officer testified that he measured that distance and that a vehicle Appellant drives, identified by its license plate on two nearby cameras, was within the protected area when the victim reported the sighting. On the curfew allegation, the State offered a photograph and the testimony of Appellant's probation officer. Appellant testified in his own defense, and his mother testified that she, not Appellant, was driving the vehicle the victim saw.

At the close of the hearing, the trial court found allegations (a), (b), (c), and (e) true. The court adjudicated Appellant guilty of stalking and assessed punishment at four

years of confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## ANDERS REVIEW

When appointed counsel concludes, after a conscientious examination of the record, that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. Counsel must also provide the client a copy of the brief and the motion to withdraw and inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the entire record to determine whether any nonfrivolous issue exists. *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Counsel has met these requirements. He has certified that, after a diligent search of the record, he found no reversible error on which an appeal could be predicated. He provided Appellant a copy of the *Anders* brief, the motion to withdraw, and the appellate record, and he notified Appellant of the rights to file a pro se response and a pro se petition for discretionary review. This Court likewise notified Appellant of his right to respond. No response has been filed.

Our independent review confirms counsel's assessment. Proof of a single violation of the conditions of supervision supports an adjudication of guilt. *Anderson v. State*, 621 S.W.2d 805, 805 (Tex. Crim. App. 1981). Appellant's pleas of true to allegations (b) and (c), standing alone, support the trial court's decision to adjudicate. Having reviewed the

3

entire record, we find the appeal wholly frivolous and identify no arguable ground for reversal.

### MODIFICATION OF THE JUDGMENT

Although we find no reversible error, our review revealed one ambiguity in the judgment. The judgment recites that Appellant entered a plea of "TRUE" to the State's motion to adjudicate. However, the record shows that Appellant pleaded true only to allegations (b) and (c) and not true to the remaining allegations.

An appellate court may reform a judgment to make it speak the truth when it has the information necessary to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We therefore modify the judgment to reflect that Appellant pleaded true to allegations (b) and (c) only.

### CONCLUSION

We grant counsel's motion to withdraw, modify the judgment as set forth above, and affirm the judgment as modified.[3]

Lawrence M. Doss
Justice

Do not publish.

---

[3] Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.